**UNITED STATES OF AMERICA**
**MERIT SYSTEMS PROTECTION BOARD**

JOHN A. STOLARCZYK,
          Appellant,

      v.

DEPARTMENT OF HOMELAND
    SECURITY,
          Agency.

DOCKET NUMBER
DC-1221-10-0875-B-2

DATE: September 23, 2014

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

Nicholas Woodfield, Esquire, and R. Scott Oswald, Esquire, Washington, D.C., for the appellant.

Daniela Murch, Joseph Rieu, and Michael W. Gaches, Esquire, Arlington, Virginia, for the agency.

**BEFORE**

Susan Tsui Grundmann, Chairman
Anne M. Wagner, Vice Chairman
Mark A. Robbins, Member

**FINAL ORDER**

¶1      The appellant has filed a petition for review of the remand initial decision, which dismissed his individual right of action (IRA) appeal for lack of

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

jurisdiction.  Generally, we grant petitions such as this one only when:  the initial decision contains erroneous findings of material fact; the initial decision is based on an erroneous interpretation of statute or regulation or the erroneous application of the law to the facts of the case; the judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed.  *See* Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115).  After fully considering the filings in this appeal, and based on the following points and authorities, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review.  Therefore, we DENY the petition for review and AFFIRM the initial decision, which is now the Board's final decision.  5 C.F.R. § 1201.113(b).

¶2        This IRA appeal is before the Board on petition for review of a remand initial decision dismissing it for lack of jurisdiction.  In its prior Opinion and Order, the Board found that the appellant made nonfrivolous allegations that he made protected disclosures concerning misuse of government credit cards and that the agency subjected him to at least one covered personnel action (a probationary termination).  *Stolarczyk v. Department of Homeland Security*, 119 M.S.P.R. 343, ¶¶ 13-22 (2012).  We also found that the circumstances of these events would be sufficient to establish through the knowledge/timing test of 5 U.S.C. § 2302(a)(2)(A), that the appellant's disclosures were a contributing factor to his termination.  *Id*., ¶¶ 23-24.

¶3        On remand, the administrative judge scheduled a hearing on the merits of the appeal.  MSPB Docket No. DC-1221-10-0875-B-1 (B-1), Remand File (RF), Tab 1.  Subsequently, the appellant confirmed that the agency did not terminate him; rather, he resigned when the agency presented him with a termination letter and provided him the option to resign in lieu of termination.  MSPB Docket No.

DC-1221-10-0875-B-2 (B-2), RF, Tab 9 at 1-2. The administrative judge notified the appellant of how to show that his resignation was involuntary and ordered him to file evidence and argument on the issue. *Id*. at 2-3. The administrative judge also notified the appellant that, if he made a nonfrivolous allegation that his resignation was involuntary, then the Board would have jurisdiction to adjudicate that personnel action in the context of the instant IRA appeal. *Id*. at 3-4.

¶4　　In accordance with the administrative judge's order, the appellant filed evidence and argument on the issue of voluntariness. B-2, RF, Tab 10. The administrative judge then notified the parties that "the record plainly demonstrates that the appellant resigned from his position in order to avoid the consequences of a formal termination action" and that he therefore did not intend to take any further evidence on the issue at the hearing. B-2, RF, Tab 12 at 2. Nevertheless, because the appellant had established IRA jurisdiction with respect to other personnel actions, i.e., a nonselection for appointment and a change in duties, responsibilities, and official title, the administrative judge would render a decision on whether the resignation was voluntary after a hearing on the merits. B-2, RF, Tab 12 at 1-2, Tab 24 at 2.

¶5　　Subsequently, the appellant filed a "Notice of Voluntary Dismissal and Request for Jurisdictional Order." B-2, RF, Tab 25. He withdrew his claims regarding the nonselection and change in duties, responsibilities and official title, so that the only personnel action remaining was the alleged constructive termination. *Id*. at 4-5. Given the administrative judge's intention not to accept testimony at the hearing regarding the constructive termination, the appellant requested that the administrative judge issue an initial decision on the written record so that he could petition for review to the full Board.[2] *Id*. at 4-5.

---

[2] The appellant reserved his right to a hearing should the Board remand the appeal a second time on a finding that he made a nonfrivolous allegation that he was constructively terminated. B-2, RF, Tab 25 at 5.

¶6　　The administrative judge issued a remand initial decision dismissing the appeal for lack of jurisdiction. B-2, RF, Tab 27, Remand Initial Decision (RID) at 1, 12. He found that the appellant did not allege that his resignation was the product of intolerable working conditions, misinformation, misrepresentation, or deception; nor did he claim that the agency knew that it would not prevail if the action was challenged or that it lacked reasonable grounds to support its decision to terminate his probationary employment. RID at 10-11. Rather, he appeared to rely on a "fundamental misunderstanding" of controlling legal authority when he claimed that his decision to resign in order to avoid the consequences of a removal for cause was coercive as a matter of law. RID at 11. The administrative judge found that the appellant was forced to choose between two unpleasant alternatives—termination and resignation—but that his choice of resignation was nevertheless voluntary. RID at 10.

¶7　　The appellant has filed a petition for review, arguing that the agency lacked reasonable grounds to terminate him because its termination was in retaliation for protected whistleblowing. B-2, Petition for Review (PFR) File, Tab 1 at 12. He argues that the remand initial decision is contrary to Board and U.S. Court of Appeals for the Federal Circuit precedent regarding constructive removals. *Id*. at 13-16. Specifically, he argues that the administrative judge presupposed that the agency would have met its burden of showing by clear and convincing evidence that it would have terminated him notwithstanding his whistleblowing and that he required the appellant to show in advance of the hearing that his resignation was involuntary in order to obtain a hearing on that very issue. *Id*. at 16. Finally, the appellant argues that the administrative judge failed to follow the Board's instruction to resolve on remand the issue of termination on the merits. *Id*. at 16-17. The agency has filed a response to the petition for review, PFR File, Tab 3, and the appellant has filed a reply to the agency's response, PFR File, Tab 4.

¶8　　As an initial matter, we disagree with the appellant that the administrative judge failed on remand to follow the Board's instructions. In our Opinion and

Order, as quoted in the petition for review, the Board found that the appellant made a nonfrivolous allegation that he was terminated, and we directed the administrative judge to resolve on the merits the issue of whether the appellant was, in fact, terminated. *Stolarczyk*, 119 M.S.P.R. 343, ¶ 13. In making this finding, we perceived a factual dispute concerning whether the agency terminated the appellant or whether he resigned. *Id.* Ultimately, however, it proved unnecessary for the administrative judge to decide this issue because the appellant conceded on remand that he separated from service by resignation. B-2, RF, Tab 9 at 1-2. He clarified that he was claiming that his resignation constituted a constructive termination. *Id.* Our Opinion and Order did not address the issue of whether the appellant made a nonfrivolous allegation that he was subjected to a constructive termination.

¶9       As for the appellant's argument that he resigned in the face of an improper termination action, the administrative judge stated below that he did not perceive any such argument by the appellant. RID at 10-11. Moreover, this argument appears to be inconsistent with the appellant's stipulation during the prehearing conference that there was no dispute of material fact concerning the voluntariness of his resignation. B-2, RF, Tab 24 at 2 n.1. Therefore, the appellant's argument that he resigned in the face of an improper termination has the appearance of being raised for the first time on petition for review. *See Banks v. Department of the Air Force*, 4 M.S.P.R. 268, 271 (1980) (the Board generally will not consider an argument raised for the first time in a petition for review absent a showing that it is based on new and material evidence not previously available despite the party's due diligence). Nevertheless, considering that this is an IRA appeal and that the appellant's argument bears on the jurisdictional issue, we will give him the benefit of the doubt and find that he raised it implicitly below. We will therefore consider it on review.

¶10      A constructive termination is a personnel action under the Whistleblower Protection Act. *Murphy v. Department of Veterans Affairs*, 102 M.S.P.R. 238, ¶ 8

(2006). However, just as in appeals under 5 U.S.C. chapter 75 and 5 C.F.R. Part 315, a resignation is actionable in an IRA appeal only if the appellant shows that it was involuntary. *Lawley v. Department of the Treasury*, 84 M.S.P.R. 253, ¶ 8 (1999); *Mintzmyer v. Department of the Interior*, 84 F.3d 419, 423 (1996). Under the appellant's theory of the case, the question of whether his resignation amounted to a constructive removal is intertwined with whether the agency retaliated against him for whistleblowing. In other words, the Board would have to determine if the agency's decision to terminate the appellant was in retaliation for whistleblowing before it could determine whether the appellant's resignation was a constructive termination. It is true that the Board will sometimes consider reprisal and discrimination claims for the limited purpose of determining whether a retirement or resignation was voluntary. *Garcia v. Department of Homeland Security*, 437 F.3d 1322, 1341 (Fed. Cir. 2006) (en banc); *Markon v. Department of State*, 71 M.S.P.R. 574, 578 (1996); *Tripp v. Department of the Air Force*, 59 M.S.P.R. 458, 461 (1993). This is so even in the context of IRA appeals alleging constructive removals as personnel actions. *Diefenderfer v. Department of Transportation*, 108 M.S.P.R. 651, ¶ 37 (2008). However, the Board's consideration of these issues does not extend to the ultimate determination of whether discrimination or reprisal actually occurred. *See Taber v. Department of the Air Force*, 112 M.S.P.R. 124, ¶ 11 (2009) (in an involuntary retirement or resignation appeal, evidence of discrimination goes to the ultimate question of coercion, i.e., whether under all of the circumstances, working conditions were made so difficult by the agency that a reasonable person in the employee's position would have felt compelled to resign or retire).

¶11     Nor does this line of cases have any bearing on the theory of involuntariness under which the appellant is proceeding, i.e., that he resigned in the face of an improper termination. The appellant argues that the issue should be analyzed by weighing the evidence that the agency decided to terminate him based on protected whistleblowing against the evidence that the agency

terminated him because he was not a good employee. PFR File, Tab 1 at 16. However, this is not the proper standard. The proper standard is whether the agency knew or should have known that the reasons for its threatened termination could not be substantiated. *Harris v. Department of Veterans Affairs*, 114 M.S.P.R. 239, ¶ 8 (2010) (citing *Schultz v. U.S. Navy*, 810 F.2d 1133, 1136 (Fed. Cir. 1987)). To show that his resignation amounted to a constructive termination under this theory, the appellant must do more than merely rebut the agency's reasons for terminating him. He must show that the agency lacked reasonable grounds for threatening the termination in the first place. *Garland v. Department of the Air Force*, 44 M.S.P.R. 537, 540-41 (1990).

¶12        Regardless of whether the appellant was a whistleblower, the record shows that the agency did have reasonable grounds for terminating his employment. These include reports from multiple employees, including the appellant's supervisors, subordinates, and peers, that the appellant had an unprofessional communication style marked with loud, angry outbursts and an intimidating demeanor. MSPB Docket No. DC-1221-10-0875-W-1, Initial Appeal File (IAF), Tab 7, Subtabs 4B-4E, Tab 19, Subtab 18; B-2, RF, Tab 17 at 36-37. This evidence provided a reasonable basis for the agency's decision to terminate the appellant for his inability to control his temper and poor interpersonal skills. IAF, Tab 19, Subtab 26. The appellant's whistleblower claim and his characterization of these reports as "exaggerations" and "isolated anecdotes" may constitute plausible rebuttals to the agency's reasons for terminating him, but they do not constitute a nonfrivolous allegation that the agency lacked reasonable grounds for its threatened action or that the reasons for the termination could not be substantiated.

¶13        Furthermore, we disagree with the appellant's argument that the administrative judge applied the preponderance of the evidence standard in dismissing his appeal for lack of jurisdiction. PFR File, Tab 1 at 16. In his remand initial decision, the administrative judge captioned the discussion of the

voluntariness issue as follows: "The appellant has failed to prove that his decision to resign from his position in lieu of a probationary termination was involuntary." RID at 8. Although this may suggest that the administrative judge applied a preponderant evidence standard, a reading of the analysis itself shows that the administrative judge based it on the undisputed facts of the case, as the parties agreed that he would do during the prehearing conference. RID at 10-11; B-2, RF, Tab 24 at 2 n.1. To the extent that the administrative judge did not consider whether the reasons for the threatened termination could be substantiated, this is because the appellant failed to apprise the administrative judge that this was the nature of his claim even though the administrative judge notified him of this theory of involuntariness and directed him toward the relevant case law. B-2, RF, Tab 9 at 2-3.

¶14    In this regard, we note that the agency subjected the appellant to a covered personnel action when it presented him with a termination notice and threatened to terminate him. *See* 5 U.S.C. § 2302(a)(2)(A)(iii); *Zygmunt v. Department of Health & Human Services*, 61 M.S.P.R. 379, 381 (1994). In *Zygmunt*, the Board found that the appellant's claim that the agency constructively removed her in retaliation for whistleblowing was, in the context of her IRA appeal, better construed as a claim that the agency threatened to remove her in retaliation for whistleblowing. 61 M.S.P.R. at 381-84. It remanded the appeal for further adjudication under that theory. *Id*. at 381-82. In this case, however, the appellant, represented by an attorney, has been explicit that the only personnel action at issue in this IRA appeal is a constructive termination. B-2, RF, Tab 24 at 2-3, Tab 25. Neither the appellant, nor the administrative judges, nor the Board in its previous Opinion and Order considered the appellant's constructive removal claim under this theory. Importantly, the appellant does not argue on petition for review that the administrative judge erred in failing to consider the threatened termination as a separate personnel action. *See* 5 C.F.R. § 1201.115 (the Board normally will consider only issues raised in a timely filed petition or

cross petition for review).  For these reasons, we find it inappropriate to raise a new personnel action sua sponte at this stage of the litigation.

## NOTICE TO THE APPELLANT REGARDING YOUR FURTHER REVIEW RIGHTS

You have the right to request review of this final decision by the United States Court of Appeals for the Federal Circuit.

The court must receive your request for review no later than 60 calendar days after the date of this order.  *See* 5 U.S.C. § 7703(b)(1)(A) (as rev. eff. Dec. 27, 2012).  If you choose to file, be very careful to file on time.  The court has held that normally it does not have the authority to waive this statutory deadline and that filings that do not comply with the deadline must be dismissed.  *See Pinat v. Office of Personnel Management*, 931 F.2d 1544 (Fed. Cir. 1991).

If you want to request review of the Board's decision concerning your claims of prohibited personnel practices under 5 U.S.C. § 2302(b)(8), (b)(9)(A)(i), (b)(9)(B), (b)(9)(C), or (b)(9)(D), but you do not want to challenge the Board's disposition of any other claims of prohibited personnel practices, you may request review of this final decision by the United States Court of Appeals for the Federal Circuit or any court of appeals of competent jurisdiction.  The court of appeals must receive your petition for review within 60 days after the date of this order.  *See* 5 U.S.C. § 7703(b)(1)(B) (as rev. eff. Dec. 27, 2012).  If you choose to file, be very careful to file on time.  You may choose to request review of the Board's decision in the United States Court of Appeals for the Federal Circuit or any other court of appeals of competent jurisdiction, but not both.  Once you choose to seek review in one court of appeals, you may be precluded from seeking review in any other court.

If you need further information about your right to appeal this decision to court, you should refer to the federal law that gives you this right.  It is found in Title 5 of the United States Code, section 7703 (5 U.S.C. § 7703) (as rev. eff. Dec. 27, 2012).  You may read this law as well as other sections of the United

States Code, at our website, http://www.mspb.gov/appeals/uscode.htm. Additional information about the United States Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, and 11. Additional information about other courts of appeals can be found at their respective websites, which can be accessed through http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

If you are interested in securing pro bono representation for an appeal to the United States Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for a list of attorneys who have expressed interest in providing pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Merit Systems Protection Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

FOR THE BOARD:                         _____
                                       William D. Spencer
                                       Clerk of the Board

Washington, D.C.